Chancellor Desaussure.
Tn this case the commissioner reports that the sum of one hundred and thirty-nine dollars, forty-one cents, is due by the administrators to the complainant. But that the sum of one hundred and two dollars, seventy-two ■cents, must be deducted, being the amount due on a note of H. S. Dunlap, the husband of M. G. Riehbourg. b he defendant excepts to the report, on the ground that the debt of one hundred and two dollars seventy-two cents, is due by Dunlap to one of the administrators in his private capacity, and not as administrator of the estate. If the debt had been due to the estate in the hands of the administrator, there would have been ground to sustain the report; but being due to the administrator in his private capacity, it cannot be supported. It is therefore ordered and decreed that the exception be sustained, and that the report be amended accordingly.
From this decree the defendants appealed, and contended that although it should be conceded, that the act of the legislature on the subject does not authorize the setting off of individual claims against representative responsibilities, and the contrary, yet it is within the powers of this court to allow it, when necessary to the purposes of justice.
But it is not clear that the case comes within the exception of the Discount Act, respecting the individual and representative rights of executors and administrators. That exception was intended to apply.to the adjustment of accounts between the executor and strangers — debtors and creditors of the estate — and not between the executor and legatee. It was designed to protect the estate for the benefit of the legatee, which might otherwise be exhausted by the debts of the executor. But when the legatee stands indebted to the executor ipdividu* *170 ally, and seeks to take the estate out of his hands, the rea'sclc does not apply. In fact, the halarice remaining in the hands of the executor, after the settlement of the estate, is his personal debt to the legatee. Decree affirmed by the whole court.
Haynesworth, for appellant.
Mayrant, contrary.